**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION**

JOSEPH R. ZIRUOLO, JR., et al.,
    Plaintiffs,

v.                      CASE NO. 8:06-90-CIV-T-17-EAJ

EARL MORELAND, et al.,
    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

    This cause is before the Court on Defendants' motion to dismiss (Docket No. 4), filed on January 19, 2006. The Plaintiffs' have failed to respond to the motion in a timely manner.

**BACKGROUND**

    The complaint filed on January 17, 2006, alleges that the plaintiffs are not able to "get justice in the case, State of Florida v Kenneth M. Cudzilo...for the stabbing of Joseph R. Ziruolo" due to the "Dereliction of duty, nonfeasance and the cover up of crimes" of the defendants, three state's attorneys and a sheriff. The plaintiffs are unhappy that no "actions" have been taken against individuals that they claim were involved in the stabbing of Joseph R. Ziruolo.

**STANDARD OF REVIEW**

CASE NO. 8:06-90-CIV-T-17

A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. See Blumer v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Conley, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a motion to dismiss, the court may only examine the four corners of the complaint. See Rickman v. Precisionaire, Inc., 902 F.Supp. 232, 233 (M.D. Fla. 1995). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted).

In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Howery v. Nisus, Inc., 910 F.Supp. 576 (M.D. Fla. 1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir. 1991).

**DISCUSSION**

CASE NO. 8:06-90-CIV-T-17

The defendants have filed a motion to dismiss seeking to have the complaint dismissed for several different reasons, including prosecutorial immunity and qualified immunity. The Court finds that the arguments on prosecutorial immunity, as to the state's attorneys, Earl Moreland, Jeffrey Young, and Craig Schaeffer, and qualified immunity, as to all defendants, to be well taken. Those arguments are adopted herein. Further, the argument that the plaintiffs lack standing to bring the action herein is well-taken. The defendants have demonstrated that the complaint should be dismissed. Accordingly, it is

**ORDERED** that the motion to dismiss (Docket No. 4) be **granted** and the Clerk of Court is directed to enter judgment for the defendants and to close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 9th day of February, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record